UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: SCOTT PHILLIP LEWIS,

                                                8:24-PF-2 (BKS)

                  Respondent.
_____

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

## ORDER TO SHOW CAUSE

Respondent Scott Phillip Lewis has filed seventeen pro se actions in the Northern District of New York since December 26, 2023.[1] Respondent's filings are not limited to the Northern District of New York; a review of the Public Access to Court Electronic Records ("PACER") database shows that Respondent has also filed cases in the Southern District of New York[2] and the Western District of Texas.[3] For the reasons that follow, Respondent is hereby ordered to show cause why he should not be enjoined from filing any future pleadings or documents of any

---

[1] *Lewis v. Essex County ("Lewis I")*, No. 23-cv-01636 (AMN/CFH) (N.D.N.Y) (complaint filed Dec. 26, 2023); *Lewis v. Franklin County ("Lewis II")*, No. 23-cv-01647 (DNH/CFH) (N.D.N.Y. filed Dec. 28, 2023); *Lewis v. Onondaga County ("Lewis III")*, 8:24-cv-00013 (GTS/DJS) (N.D.N.Y. filed Jan. 3, 2024); *Lewis v. Adirondack Medical Center ("Lewis IV")*, No. 24-cv-00027 (BKS/DJS filed Jan. 7, 2024); *Lewis v. Citizens United, Inc. ("Lewis V")*, No. 24-cv-00029 (DNH/DJS) (N.D.N.Y.) (complaint filed Jan. 8, 2024, closed Sept. 10, 2024); *Lewis v. Affiliated Enterprise Solutions, LLC ("Lewis VI")*, No. 24-cv-00061 (BKS/DJS) (N.D.N.Y.) (complaint filed Jan. 15, 2024, closed Aug. 12, 2024); *Lewis v. Redline Hockey, LLC ("Lewis VII")*, No. 24-cv-00068 (BKS/DJS) (N.D.N.Y.) (complaint filed Jan. 15, 2024, closed Aug. 12, 2024); *Lewis v. R. L. Vallee, Inc. ("Lewis VIII")*, No. 24-cv-00069 (AMN/DJS) (N.D.N.Y. filed Jan. 16, 2024); *Lewis v. Despos, LLC ("Lewis IX")*, No. 24-cv-00079 (AMN/CFH) (N.D.N.Y.) (complaint filed Jan. 17, 2024, closed July 11, 2024); *Lewis v. Essex County ("Lewis X")*, No. 24-cv-00100 (MAD/CFH) (N.D.N.Y. filed Jan. 19, 2024); *Lewis v. Walsh ("Lewis XI")*, No. 24-cv-00098 (GTS/CFH) (N.D.N.Y. filed Jan. 21, 2024); *Lewis v. Paymaster Payroll Systems, Inc. ("Lewis XII")*, No. 24-cv-00121 (MAD/DJS) (N.D.N.Y.) (complaint filed Jan. 25, 2024, closed Apr. 9, 2024); *Lewis v. Adirondack Medical Center ("Lewis XIII")*, No. 24-cv-00376 (BKS/TWD) (N.D.N.Y. filed Mar. 19, 2024); *Lewis v. Town of Elizabethtown ("Lewis XIV")*, No. 24-cv-00535 (AMN/DJS) (N.D.N.Y. filed Apr. 18, 2024); *Lewis v. New York State Board of Elections ("Lewis XV")*, No. 24-cv-00849 (GTS/CFH) (N.D.N.Y. July 4, 2024); *Lewis v. New York State Board of Elections ("Lewis XVI")*, No. 24-cv-01036 (GTS/CFH) (N.D.N.Y. filed Aug. 21, 2024); *Lewis v. Stavisky ("Lewis XVII")*, No. 24-cv-01198 (GTS/CFH) (N.D.N.Y. filed Sept. 27, 2024).
[2] *Lewis v. Williamson County, Texas*, No. 24-cv-03092 (S.D.N.Y. complaint filed Apr. 20, 2024).
[3] *Lewis v. Williamson County, Texas*, No. 21-cv-00074 (W.D. Tx.) (complaint filed Jan. 25, 2021, closed May 17, 2024); *Lewis v. Williamson County, Texas*, No. 24-cv-00118 (W.D. Tx.) (complaint filed Jan. 29, 2024, closed May 24, 2024); *Lewis v. State of Texas*, No. 24-cv-00461 (W.D. Tx.) (complaint filed Apr. 25, 2024, closed May 24, 2024).

kind (including motions) in the Northern District of New York pro se without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

A review of CM/ECF shows that Respondent has filed seventeen pro se actions in the Northern District of New York since December 26, 2023. *See supra* note 1. Five of the actions that Respondent filed in the Northern District of New York and all of the actions Respondent filed in the Western District of Texas have been dismissed. *See supra* notes 1, 3. Of the actions that remaining pending in the Northern District, ten have been recommended for dismissal or

will be dismissed if Respondent does not file an amended complaint. *See Lewis I*, No. 23-cv-01636, Dkt. No. 9 (recommending dismissal of Americans With Disabilities Act ("ADA") and Rehabilitation Act claims, claims under 42 U.S.C. § 1983, and state law tort claims); *Lewis III*, No. 24-cv-00013, Dkt. No. 21 (ordering dismissal of *Monell* municipal liability claims under § 1983); *Lewis IV*, No. 24-cv-00027, Dkt. No. 17 (ordering dismissal of ADA and Rehabilitation Act claims); *Lewis VIII*, No. 24-cv-00069, Dkt. No. 17 (ordering dismissal of ADA and New York State tort law claims); *Lewis X*, No. 24-cv-00100, Dkt. No. 12 (ordering dismissal of Fair Labor Standards Act claims and state tort law claims); *Lewis XI*, No. 24-cv-00098, Dkt. No. 5 (recommending dismissal of Fourth, Sixth, and Fourteenth Amendment claims); *Lewis XIII*, No. 24-cv-00376, Dkt. No. 12 (ordering dismissal of ADA claims)l; *Lewis XIV*, No. 24-cv-00535, Dkt. No. 9 (ordering dismissal of § 1983 claims); *Lewis XV*, No. 24-cv-00849, Dkt. No. 25 (recommending dismissal claims against New York State Board of Elections as barred by the Eleventh Amendment and sovereign immunity); *Lewis XVI*, No. 24-cv-01036, Dkt. No. 28 (same). To date, only one claim against one defendant has proceeded beyond the initial review stage: in *Lewis II*, No. 23-cv-01647, Respondent's Fourth Amendment claim under 42 U.S.C. § 1983 against a defendant New York State Trooper in connection with a March 2022 traffic stop has been allowed to proceed. *Lewis XVII*, No. 24-cv-01198, has not yet undergone initial review.

The first factor requires the Court to consider whether Respondent's lawsuits are vexatious, harassing or duplicative. Respondent filed *Lewis I* on December 26, 2023, suing, among others, Essex County, the Village of Lake Placid, Village of Lake Placid Court Judge Dean Dietrich, Assistant District Attorney Kenneth Borden, Jr., and Village of Lake Placid Court Clerk Victoria Duffy and alleging constitutional violations under § 1983 (First and Fourteenth Amendments), violations of the ADA and Rehabilitation Act, and negligent infliction of

emotional distress. *Lewis I*, No. 23-cv-01636, Dkt. No. 1. The claims concerned various court proceedings and interactions in the Village of Lake Placid Court stemming from two traffic stops in 2021 (unlicensed operation of a motor vehicle and operating a motor vehicle without insurance), and a 2023 contempt charge for wearing a kangaroo costume to an arraignment. Id. Less than thirty days later, Respondent filed *Lewis X*. No. 24-cv-00100, Dkt. No. 1 (complaint filed January 19, 2024). Although *Lewis X* included additional factual allegations and defendants, Respondent again named the aforementioned individuals as defendants and again alleged constitutional violations (Sixth and Fourteenth Amendments) and negligent infliction of emotional distress claims stemming from the 2021 traffic stops and ensuing court proceedings. *Lewis X*, No. 24-cv-00100, Dkt. No. 1. A Report-Recommendation ("R&R") by United States Magistrate Judge Christian F. Hummel is pending in *Lewis I* and recommends dismissal on grounds of judicial immunity, prosecutorial immunity, failure to allege a constitutional violation, failure to allege municipal liability under *Monell*, failure to state a claim under the ADA or Rehabilitation Act and failure to allege a negligent infliction of emotional distress. *Lewis I*, No. 23-cv-01636, Dkt. No. 9. The complaint in *Lewis X* has been dismissed on nearly identical grounds: judicial immunity, quasi-judicial immunity, prosecutorial immunity, failure to allege state action under § 1983, failure to allege municipal liability under *Monell*, and failure to state a claim of negligent infliction of emotional distress. *Lewis X*, No. 24-cv-00100, Dkt. No. 9. Given that that Respondent filed *Lewis X* less than one month after filing *Lewis I*, and because the complaints *Lewis I* and *Lewis X* stem from many of the same facts and court proceedings, name many of the same defendants, and fail to allege a viable claim for relief, the Court concludes they were not only duplicative in parts, but vexatious and harassing.

*Lewis I* and *Lewis X* are not the only examples of Respondent's duplicative, vexatious, and harassing lawsuits: Respondent has alleged violations of the ADA or Rehabilitation Act in nine cases against more than twenty defendants, all of which have been dismissed, or recommended for dismissal. *See Lewis I*, No. 23-cv-01636, Dkt. No. 9 (recommending dismissal of complaint); *Lewis II*, No. 23-cv-01647, Dkt. No. 14 (dismissing all claims with the exception of Fourth Amendment claim against defendant New York State Trooper Charles Bishop); *Lewis IV*, No. 24-cv-0027, Dkt. No. 17 (dismissing complaint); *Lewis V*, No. 24-cv-00029, Dkt. No. 22 (dismissing complaint); *Lewis VI*, No. 24-cv-00061, Dkt. No. 17 (dismissing complaint); *Lewis VII*, No. 24-cv-00068, Dkt. No. 17 (dismissing complaint); *Lewis VIII*, No. 24-cv-00069, Dkt. No. 17 (dismissing complaint); *Lewis XII*, No. 24-cv-00121, Dkt. No. 9 (dismissing complaint); *Lewis XIII*, No. 24-cv-00376, Dkt. No. 12 (dismissing complaint).

Further, despite being advised of the pleading requirements for a claim under the ADA and Rehabilitation Act, and for *Monell* claims under § 1983 against municipalities, *see, e.g., Lewis III*, No. 24-cv-00013, Dkt. No. 11 (R&R entered on February 21, 2024, recommending dismissal of *Monell* claims and reciting applicable law); *Lewis IV*, No. 24-cv-00027, Dkt. No. 15 (R&R entered on February 29, 2024, recommending dismissal of ADA and Rehabilitation Act claims), *Lewis V*, No. 24-cv-00029, Dkt. No. 13 (R&R entered on February 22, 2024, recommending dismissal of ADA and Rehabilitation Act claims), *Lewis VI*, No. 24-cv-00061, Dkt. No. 11 (R&R entered on February 20, 2024 dismissing, inter alia, ADA claims), Respondent filed an action on March 19, 2024, *Lewis XIII*, with deficient ADA claims and on April 18, 2024, *Lewis XIV*, with deficient *Monell* claims. *See Lewis XIII*, No. 24-cv-00376, Dkt. No. 12 (dismissing complaint for, inter alia, failure to state a claim under the ADA); *Lewis XIV*, No. 24-cv-00535, Dkt. No. 9 (dismissing complaint for failure to plead municipal liability under

*Monell*). As Respondent was aware of the pleading requirements at the time he filed the complaints *Lewis XIII* and *Lewis XIV*, but still filed deficient pleadings, the Court concludes that Respondent did not have a good faith expectation of prevailing when he filed these cases.

The third factor, whether the respondent was represented by counsel, *Eliahu*, 919 F.3d at 714, weighs against the issuance of a Pre-Filing Order, as Respondent has filed all his actions pro se.

The fourth factor, whether the respondent has imposed needless expense or burden on the court or others, *id.*, weighs in favor of a Pre-Filing Order. While the expense and burden on others has, so far, been minimal: to date, the only defendant that has appeared in any case is the New York State Board of Elections (represented by the New York State Attorney General) in *Lewis XIV* and *Lewis XV*, where Respondent filed emergency motions for injunctive relief. But the burden on the Court has been significant: by filing seventeen cases in under a year, fifteen of which have been recommended for dismissal or dismissed, Respondent's submissions have burdened five United States District Court Judges and three Magistrate Judges, who have been required to address and dispose of his numerous complaints. Thus, this factor weighs in favor of the issuance of a Pre-Filing Order.

The final factor the Court must consider in determining whether to issue a Pre-Filing Order is whether other sanctions would be adequate to protect the court and other parties. *Id.* Here, the Court concludes that monetary sanctions would be ineffectual as Respondent, who has been granted in forma pauperis status in each of his seventeen actions, appears to have no ability to satisfy a monetary sanction.

Respondent's motivation for filing vexatious and duplicative litigation is unclear. Although Respondent has acted without the benefit of an attorney's involvement, given that

6

nearly all of Respondent's actions have been dismissed, or recommended for dismissal, the Court concludes that it cannot be said that he was acting in good faith. Indeed, Respondent's continued filing of cases—including one in July 2024, *see Lewis XV*, No. 24-cv-00849, Dkt. No. 1, one in August 2024, *see Lewis XVI*, No. 24-cv-01036, Dkt. No. 1, and one in September 2024, *see Lewis XVII*, No. 24-cv-01198, Dkt. No. 1—suggests that that dismissal alone is an insufficient remedy and that no sanction short of an injunction would be sufficient to protect the Court and other parties.

Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee. Respondent may, however, continue to file pleadings, documents, and motions in any case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed. Notwithstanding the overwhelming support for a pre-filing injunction, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent Scott Phillip Lewis shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York pro se without prior permission of the Chief Judge or his or her designee (except pleadings

or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[4] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: October 24, 2024

Brenda K. Sannes
Chief U.S. District Judge

---

[4] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by him in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre- filing injunction to case that had been transferred from the District of Delaware). However, this injunction would not prohibit Respondent from filing a petition for relief pursuant to 28 U.S.C. § 2254.